998 So.2d 187 (2008)
Carl E. HECK, Jr., as Curator of the Interdict, Verna Mae Talbot Heck, and Susan Heck Schwab as Executrix of the Succession of Carl E. Heck, Sr.
v.
David T. HECK and Anita Konieczka.
No. 2008 CA 0112.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
*188 Alexander M. Crighton, III, Jerry H. Schwab, Houma, LA, for Plaintiffs-Appellants, Carl E. Heck, Jr., et al.
Lee H. des Bordes, Jr., Baton Rouge, LA, for Defendants-Appellees, David T. Heck, et al.
Before CARTER, C.J., McCLENDON and WELCH, JJ.
WELCH, J.
Plaintiff, Susan Heck Schwab, appeals a partial final judgment decreeing that she did not have a right of action, as the executrix of a succession, to recoup payment on alleged loans made by her deceased father to his son and her brother, defendant David Heck. We reverse and remand.

BACKGROUND
On July 23, 2006, Carl E. Heck, Sr. died. In his will, Mr. Heck left certain property to his wife, Verna Mae, and bequeathed the remainder of his estate to his three children, Carl E. Heck, Jr., Susan Heck Schwab, and David Heck. In the will, Mr. Heck appointed his wife as executrix of his estate and appointed his daughter, Susan, as executrix in the event his wife was unable to serve in that capacity. Mrs. Heck was interdicted and her son Carl was appointed curator.
On December 18, 2006, Carl, as his mother's curator, and Susan, as the executrix of her father's estate, filed this lawsuit against their brother, David, and his former wife, Anita Konieczka. Plaintiffs averred that prior to his death and prior to her interdiction, Mr. and Mrs. Heck loaned $385,157 to David and Anita. The petition referenced a September 5, 2003 promissory note executed by David in favor of his father in the amount of $40,000, a 1997 loan made for the purpose of purchasing property, along with loans made from July 22, 2003 through March 13, 2006, totaling $309,157. Plaintiffs averred that the loans were in forms of checks made payable to David, his employees, or a bank for payment *189 of a loan obtained by David and Anita and guaranteed by Mr. Heck, and that the loans had never been repaid. Plaintiffs sought to recover repayment of the loans described in the petition and for all loans that may be discovered in the future.
Defendants filed various exceptions, among them peremptory exceptions raising the objections of prescription and no right of action. Defendants averred that on its face, the petition showed that claims for some of the alleged loans had prescribed, and sought dismissal of these claims. They also averred that Susan, as executrix of Mr. Heck's succession, did not have a right of action to bring this lawsuit against her brother, David. Defendants insisted that the alleged "loans" referred to in the petition were actually advances to David of his share of his father's succession, and therefore, the cause of action asserted by plaintiffs was one for collation under article 1277 et seq. of the Louisiana Civil Code. They posited that because only a forced heir has a right to demand collation pursuant to La. C.C. art. 1235, Susan, who is not a forced heir, did not have a right of action for collation against David.
In support of the exceptions, defendants filed into the record a summary of the checks identified by plaintiffs in response to discovery requests regarding the alleged loans that are the subject of this lawsuit, as well as copies of the checks. The alleged loans cover checks dated from June 22, 2003, through March 16, 2006, and were made payable to David, endorsed by him, or were issued for payment on a bank loan. They also attached a promissory note dated September 5, 2003, in which David promised to pay his father the sum of $40,000.
In opposition to the exceptions, plaintiffs asserted that the executrix's suit against defendants did not seek collation, but repayment of loans made by Mr. and Mrs. Heck to defendants. Plaintiffs filed into the record Susan's affidavit, in which she attested that in March of 2006, her father told her that David would repay all of the money loaned to him, as well as Carl's affidavit, in which he attested that his father told him on numerous occasions he was loaning David money to finance a lawsuit, and that David agreed to repay all of the loans, but never did.
Following a hearing, the trial court granted defendants' exception of no right of action, and dismissed all claims brought by Susan in her capacity as a succession representative for repayment of money received by David from his father. In so doing, the trial court believed that regardless of whether the transactions sued upon represented money given, loaned, or advanced by Mr. Heck to his son during Mr. Heck's lifetime, the debts were subject to collation. Therefore, the trial court concluded, because Susan was not a forced heir, she had no right of action against David to demand collation, and dismissed her claims from the litigation. The trial court certified the judgment as a final one for the purpose of an immediate appeal pursuant to La. C.C.P. art. 1915(B).
This appeal, taken by Susan, followed.

NO RIGHT OF ACTION
The objection of no right of action tests whether the plaintiff, who seeks relief, is not the person in whose favor the law extends a remedy. Howard v. Administrators of Tulane Educational Fund, 2007-2224, p. 16 (La.7/1/08), 986 So.2d 47, 59. If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence, but the plaintiff should be permitted to amend the petition to state a right of action. If the pleadings state a right of action, the exceptor may introduce evidence to controvert the pleadings on the *190 trial of the exception, and the plaintiff may introduce evidence to controvert any objections. La. C.C.P. arts. 931 and 934; Howard, 2007-2224 at pp. 16-17, 986 So.2d at 59-60.
The central dispute in this case is whether La. C.C. art. 1235 bars Susan from bringing, on behalf of her father's succession, the claims asserted in the petition. That provision, amended in 1996[1] in response to the changes in the forced heirship law, provides that only a forced heir can bring an action for collation. It states:
Persons entitled to demand collation
The right to demand collation is confined to descendants of the first degree who qualify as forced heirs, and only applies with respect to gifts made within three years prior to the decedent's death, and valued as of the date of the gift. Any provision of the Civil Code to the contrary is hereby repealed.
Collation is defined as "the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession." La. C.C. art. 1227. Examples of property subject to collation, found in the Civil Code, includes: property received by a child in advance of his inheritance (article 1227), donations inter vivos to children or grandchildren coming into the succession of their ascendants (article 1228); what has been expended by the father and mother to procure an establishment of the descendant coming to the succession, or for the payment of his debts (article 1243); and "the advantage which a father bestows upon his son, though in any other manner than by donation or legacy" (article 1248).
Plaintiffs argue that by its very terms, La. C.C. art. 1235, which gives only a forced heir the right to demand collation, applies to "gifts" made within three years prior to the date of the decedent's death. They assert that the only stated cause of action in the petition is the recovery from defendants for amounts due on a number of loans made by Mr. Heck to David. Because this lawsuit seeks recovery of loans and not gifts, plaintiffs urge that Susan, as a succession representative, is not precluded by La. C.C. art. 1235 from recovering these debts from the defendants. Moreover, they stress, as a succession representative, Susan has not only a right, but an obligation to recover debts owed to the succession.[2] In support, they cite La. C.C.P. art. 3191, which provides that a succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession, along with La. C.C.P. art. 3211, which provides that the succession representative shall enforce all obligations of the succession.
Defendants, on the other hand, argue that the alleged "loans" referred to in the plaintiffs' petition were actually advances of his share of his father's succession, and insist that because the petition demands that a son return advances given by his father to his father's succession, plaintiffs' cause of action is for collation. Because Susan is not a forced heir, they submit, she has no right to demand that David collate *191 the money he received in advance of his share of inheritance.
We conclude that the trial court erred in ruling that loans are subject to collation. If a parent gives money to a child as a loan with the intent that the money be repaid, that loan cannot fairly be characterized as a "gift" or advance of an inheritance for the purposes of collation. Rather, an obligation is imposed on the child to repay the amount borrowed. Thus, a proper characterization of the claims asserted in this litigation is essential to determining the viability of the exception of no right of action.
Plaintiffs' petition and evidence in opposition to the exception of no right of action demonstrate that this lawsuit is seeking repayment of loans made to David by their father. Although defendants assert that the money advanced by Mr. Heck to David was in fact something other than a loan, they did not offer evidence to prove this assertion. In the absence of such evidence, we can only conclude that the trial court erred in granting the exception of no right of action. Accordingly, we reverse the judgment sustaining the exception of no right of action, and remand the case to the trial court.

CONCLUSION
For the foregoing reasons, the partial final judgment sustaining the peremptory exception raising the objection of no right of action is reversed, and the case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] See 1996 La. Acts 1st Ex.Sess., No. 77 Sec. 1.
[2] We note that the defendants' statement of uncontested facts acknowledged that probate proceedings have been filed in the Succession of Carl E. Heck, Probate No. 20072, in the 17th Judicial District Court for the Parish of Lafourche.